UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

James Murray,

                              Plaintiff,                        **Hon. Hugh B. Scott**

                                                    07CV353S

                    v.

                                                    Order

James Escrow, et al.,

                              Defendants.

_____

Before the Court is the plaintiff's motion for an extension of time to amend the complaint and for the appointment of counsel (Docket No. 14).

The motion to amend the complaint is denied. The plaintiff commenced this action on June 4, 2007. Upon initial review, the District Court determined that the complaint was deficient as to the first and second claims, but allowed the case to proceed as to the remaining claims. (Docket No. 3). The Court provided the plaintiff an opportunity, until April 1, 2008, to file an amended complaint. The plaintiff did not file an amended complaint by April 1, 2008, but instead, on April 23, 2008, filed a motion seeking an extension of time to file the amended complaint. (Docket No. 4). That motion was granted and the plaintiff was allowed to file an amended complaint by June 6, 2008. (Docket No. 6). Once again, the plaintiff failed to file an amended complaint, and on June 9, 2009, District Court Judge William M. Skretny dismissed the plaintiff's first and second claims with prejudice. (Docket No. 8). In this instant motion, the

plaintiff seeks and extension of time to amend stating only that he has "yet been able to get discovery names and such ... ." (Docket No. 14). The Court notes that initial disclosures were made by the defendants on September 22, 2009. (Docket No. 12). Further, the record does not reflect any attempt by the plaintiff to obtain the information he apparently claims he needs for the amendment. Finally, the plaintiff does not state the nature of any proposed amendments to the complaint. Based on the above, the request for an extension of time to file an amended complaint is denied.

The plaintiff has also applied to the Court for appointment of counsel pursuant to 28 U.S.C. § 1915(e). There is no constitutional right to appointed counsel in civil cases. However, under 28 U.S.C. § 1915(e), the Court may appoint counsel to assist indigent litigants. *See, e.g.*, Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc., 865 F.2d 22, 23 (2d Cir. 1988). Assignment of counsel in this matter is clearly within the judge's discretion. In re Martin-Trigona, 737 F.2d 1254 (2d Cir. 1984). The factors to be considered in deciding whether or not to assign counsel include the following: (1) Whether the indigent's claims seem likely to be of substance; (2) Whether the indigent is able to investigate the crucial facts concerning his claim; (3) Whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder; (4) Whether the legal issues involved are complex; and (5) Whether there are any special reasons why appointment of counsel would be more likely to lead to a just determination. Hendricks v. Coughlin, 114 F.3d 390, 392 (2d Cir. 1997); *see also* Hodge v. Police Officers, 802 F.2d 58 (2d Cir. 1986); Carmona v. United States Bureau of Prisons, 243 F.3d 629, 632 (2d Cir.2001); Abdur-Raqiyb v. Erie County Medical Center, 2006 WL 1800710, at *1 (W.D.N.Y.,2006).

The Court has reviewed the facts presented herein in light of the factors required by law as discussed above. The record reflects that the legal issues presented are not unduly complex and that the plaintiff can adequately prosecute his claim *pro se*. Based on this review, plaintiff's motion for appointment of counsel is denied without prejudice at this time. It is the plaintiff's responsibility to retain an attorney or press forward with this lawsuit *pro se*. 28 U.S.C. § 1654.

So Ordered.

/s/ Hugh B. Scott
United States Magistrate Judge
Western District of New York

Buffalo, New York
November 6, 2009